MUNICIPAL COURT OF THE CITY OF PROVIDENCE *vs.*
STEPHEN P. HENRY *et als.*

A declaration alleged that an executor presented an "account as and for his final account," which was considered by the Probate Court, and on appeal by this court, and that although cited the executor had not made up his account in accordance with the decree of this court : —

*Held*, that the court on demurrer must presume that the account rendered was not a final account.

In Rhode Island an order of distribution is required by statute to empower the administrator to distribute the residue of an estate. No such order is prescribed in the case of an executor. An executor is not liable, however, on his bond for neglecting to divide a residue until in due course of administration and accounting the amount of the residue is determined, or until after a judgment against him has been obtained by the legatee.

DEBT. On demurrer to the declaration.

*July* 7, 1877. DURFEE, C. J. This is an action of debt on an executor's bond given by Stephen P. Henry, executor of the will of Hannah Henry, and his sureties. The action is brought in the name of the Municipal Court of the city of Providence, but for the benefit of Nabby Fiske and Willeroy Bushee, devisees or legatees under the will. The second count of the declaration sets forth the bond and the condition thereof, which is in common form ; it alleges that under the will of Hannah Henry one third part of her estate, real and personal, after the payment of certain specific legacies, was given to Nabby Fiske, and another third to Mary Sherman, to be retained for her during her life by Stephen P. Henry, and then to go to Willeroy Bushee. It also alleges that Henry, " on the 4th day of May, A. D. 1875, filed an account as and for his final account," which was acted on by the Municipal Court, and on appeal by this court,[1] and that a decree

---

[1] See *Henry* v. *Fiske, ante*, p. 318.

was entered in this court, in accordance with its judgment, on the 11th March, 1876, and certified from this court to the Municipal Court; that, thereupon, the said Henry, having failed to make up his account in accordance with said decree, was cited to present his account, and neglected and refused so to do, and that he has also, though requested, neglected to pay over said legacies, or any part of them, &c. To this the defendants have demurred.

The breaches which appear to be alleged are : first, the neglect or refusal of the executor to render his account after being cited ; and second, his neglect to pay over the legacies, though requested.

To the first breach alleged the defendants reply that the executor, having rendered his final account, could have no further account to render. All that is set forth in the declaration, and on demurrer we can know only what is there set forth, is that the executor rendered an account as and for his final account, which was adjudicated on both in the Municipal Court and in this court; but that it was a final account in fact, or was so adjudged, does not appear, and from the fact that the executor was subsequently cited, the presumption is that it was not. Inasmuch, therefore, as a neglect to account, after being cited, is an express breach of the bond, we must, as the pleadings now stand, overrule the demurrer on this point.

To the second breach alleged the defendants reply that no order of distribution has been made, and that until such order has been made the executor is not liable to pay over the legacies. Our statute requires an order of distribution where the estate is intestate, if there is a surplus to be distributed after the debts are paid ; but there is no provision for any such order when the estate has been disposed of by will. We think, therefore, that the executor is not excused for delay in paying over the legacies by the mere fact that he has not been ordered to do so by the Municipal Court. But, nevertheless, we think the declaration is defective. The breach alleged is a neglect to divide a residue. An executor, in our opinion, is not liable on the bond, with his sureties for such a neglect, until it has been determined, in the due course of administration and accounting, that there is a residue remaining in his hands for division and what it is ; or, until the legatee has recovered judgment against him in the action given by statute. Gen. Stat. R. I. cap. 178, §§ 24, 25. An heir

or distributee is not allowed to sue the bond, because he has not been paid his distributive share, until after an order of distribution has been passed, and he has demanded it. Gen. Stat. R. I. cap. 180, § 7. The demurrer, therefore, though overruled, will be overruled on the first point only.

*Dexter B. Potter*, for plaintiff.

*Vincent & Carpenter* and *Daniel R. Ballou*, for defendants.